FDL FOODS, INC.,
Petitioner–Appellant,

v.

EMPLOYMENT APPEAL BOARD, DE-
PARTMENT OF INSPECTIONS AND
APPEALS, and Michael J. Aird, Re-
spondents–Appellees.

No. 89–1066.

Court of Appeals of Iowa.

March 27, 1990.

Neil J. Fruit II and James M. Heckmann
of Bauer & Heckmann, P.C., Dubuque, for
petitioner-appellant.

I. John Rossi and William C. Whitten,
Des Moines, for respondents-appellees.

Heard by OXBERGER, C.J., and
SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

We address the issue of whether appellee Employment Appeal Board was correct in finding respondent-appellee Michael J. Aird was entitled to unemployment benefits for a one-week period commencing October 10, 1988, and ending October 17, 1988. We find the agency was correct and agree with the trial court's decision affirming the agency.

The facts are not disputed. On October 7, 1988, Aird was suspended for one week because of a large number of unexcused tardies. On October 10, 1988, while under suspension, Aird, with others because of a work shortage, was laid off work. The employment policy was that suspensions could not be served during a layoff. Had it not been for the suspension, Aird would have been recalled on October 17, 1988. After October 17 Aird served the remaining days of the suspension and returned to work October 21, 1988.

The employer's position is Aird could not collect benefits because his disciplinary suspension is in fact a discharge and by virtue of Iowa Code section 96.5(2)(a) (1989), he could not receive benefits because he had not met the requirement under section 96.5(2)(a) for wages earned prior to drawing benefits. Section 96.5(2)(a) provides in pertinent part:

*Discharge for misconduct.* If the division of job service finds that the individual has been discharged for misconduct in connection with the individual's employment:

a. The individual shall be disqualified for benefits until the individual has worked in and has been paid wages for insured work equal to ten times the individual's weekly benefit amount, provided the individual is otherwise eligible.

The facts not being in dispute, we determine our review is for correction of errors at law. *See Davenport Water Co. v. Iowa State Commerce Comm'n,* 190 N.W.2d 583, 591–92 (Iowa 1971).

■ The question is, is a suspension a termination under section 96.5(2)(a)? Iowa Code section 96 is to be construed liberally to achieve the legislation's objective of minimizing the burden of involuntary unemployment. *Welch v. Iowa Dep't of Employment Servs.*, 421 N.W.2d 150, 153 (Iowa App.1988) (citing *Maschino v. Geo. A. Hormel & Co.*, 372 N.W.2d 256, 261 (Iowa 1985)).

■ In construing a statute, we consider, among other things, the language used and the purpose for which it was enacted. *Metier v. Cooper Transp. Co.*, 378 N.W.2d 907, 912 (Iowa 1985). The employer relies on *Havill v. Iowa Dep't of Job Serv.*, 423 N.W.2d 184 (Iowa 1988), to support its position. *Havill* is not instructive, because in *Havill* the agency determined at the highest level, in a decision that was not appealed, that the petitioner was discharged for misconduct. 423 N.W.2d at 184. This case makes no reference to suspension.

■ We find no basis to enlarge the provisions of the statute to include an employee who has been suspended when the legislature did not see fit to do so. The October 10, 1988, to October 16, 1988, layoff was due to company work shortages and was through no fault of Aird. *See Smith v. Iowa Employment Sec. Comm'n*, 212 N.W.2d 471, 473 (Iowa 1973).

We find it unnecessary to address the other issues in appellant's brief.

AFFIRMED.