**Gerald COYNE, Appellant,**

v.

**Jeffrey STATER and Paula Stater, Appellees.**

**No. 91–04.**

Court of Appeals of Iowa.

March 24, 1992.

Garold F. Heslinga of Heslinga, Heslinga, Dixon & Grotewold, Oskaloosa, for appellant.

No appearance by appellees.

SCHLEGEL, Judge.

In February 1986 Gerald Coyne obtained a judgment against Jeffrey and Paula Stater in the amount of $600,000, plus interest and costs, for injuries received in an automobile accident. The judgment was against Jeffrey as the driver of the automobile and against Paula as the owner of the automobile. Staters did not have automobile insurance at the time of the accident.

Pursuant to Iowa Code section 321A.5, Staters' driver's licenses were suspended after the accident. Staters have made no payments on the judgment, which now exceeds $900,000 due to the accumulation of interest.

Jeffrey is employed as a welder for the Burlington Northern Railroad. His job description now requires him to be able to operate a motor vehicle. Therefore, he must have a driver's license in order to continue his employment. Jeffrey's income averages about $33,442 per year. He has monthly expenses of about $1,493 per month. He supports his wife, who does not work, and three children.

Staters filed an application under section 321A.16 to pay the judgment in install-ments. On December 4, 1990, the district court entered a judgment requiring install-ment payments of $250 per month by the Staters. Coyne appeals. This case was heard at law, and our review is for correction of errors at law. *See* Iowa R.App.P. 4.

Coyne claims the district court violated section 321A.16 by setting Staters' payments so low that the judgment is not actually being paid off. Coyne states if Staters pay $250 per month for ten years, the judgment against them will still have grown to $1,470,000 due to accumulated interest.

■ Construction of statutes is a matter of law for the courts. *Gere v. Council Bluffs Community School Dist.*, 334 N.W.2d 307, 309 (Iowa 1983). In interpreting statutes, a court must take into account both the language employed and the object sought to be accomplished and attempt to arrive at an interpretation that will have the intended purpose. *Havill v. Iowa Dep't of Job Serv.*, 423 N.W.2d 184, 186 (Iowa 1988).

■ If a statute is unambiguous and its meaning clear, we need not search for meaning beyond its express language. *State v. Hopkins*, 465 N.W.2d 894, 896 (Iowa 1991). We may not, under the guise of construction, enlarge or otherwise change the terms of a statute. *State v. Jones*, 464 N.W.2d 241, 242 (Iowa 1990).

Iowa Code section 321A.16 provides:

1. A judgment debtor upon due notice to the judgment creditor may apply to the court in which such judgment was rendered for the privilege of paying such judgment in installments and the court, in its discretion and without prejudice to any other legal remedies which the judgment creditor may have, may so order and fix the amounts and times of payment of the installments.

2. The director shall not suspend a license, registration, or nonresident's operating privilege, and shall restore any license, registration, or nonresident's operating privilege suspended following nonpayment of a judgment, when the judgment debtor gives proof of financial

responsibility and obtains such an order permitting the payment of such judgment in installments, and while the payment of any said installment is not in default....

For the purposes of Iowa Code section 321A only, a judgment is deemed satisfied when $20,000 is paid toward the judgment. *See* Iowa Code § 321A.15(1)(b)(1). Iowa Code sections 321A.16(1) and (2) provide for payment of these amounts on an installment basis and allow the court to provide for installment payments, but specifically provide the court does so without prejudice to any other legal remedies the judgment holder may have. *See* § 321A.16(1). We note Jeffrey will get his license restored if installment payments are set, he pays each installment in full, and he gives proof of financial responsibility. Iowa Code § 321A.16(2) (1991). If he fails to pay an installment, his license will again be suspended. *Id.* The only other way for him to get his license would be to pay $20,000. Iowa Code § 321A.15(1)(b)(1) (1991).

■ We determine the trial court properly set installment payments of $250 per month. We are mindful that these payments are small considering the size of the judgment and its accumulating interest. However, the district court set the monthly amount as high as realistically possible at present. Coyne may petition for modification of this amount in the future if Jeffrey's income increases or when Jeffrey is no longer supporting three children. Once Jeffrey starts (and continues) paying his $250/month installments he will receive his license.

AFFIRMED.