(Brown County Case 89–CV–716) WISCONSIN PUBLIC SERVICE CORPORATION, A Wisconsin Corporation, Petitioner-Respondent,

DAIRYLAND POWER COOPERATIVE, Wisconsin Electric Power Company and Wisconsin Power & Light Company, Intervenors-Respondents,

v.

PUBLIC SERVICE COMMISSION OF WISCONSIN, Respondent-Co-Appellant,

WISCONSIN PUBLIC POWER, INC. SYSTEM and Municipal Electric Utilities of Wisconsin, Intervenors-Appellants.

(Eau Claire County Case 89–CV–309) NORTHERN STATES POWER COMPANY, A Wisconsin Corporation, Petitioner-Respondent,

DAIRYLAND POWER COOPERATIVE, Wisconsin Public Service Corporation, Intervenors-Respondents,

WISCONSIN PUBLIC POWER, INC. SYSTEM and Municipal Electric Utilities of Wisconsin, Intervenors-Appellants,

v.

Charles H. THOMPSON, Chairman of the State of Wisconsin Public Service Commission, Mary Lou Munts, Commissioner, Cheryl L. Pofahl, Commissioner, Respondents,

PUBLIC SERVICE COMMISSION OF WISCONSIN, Respondent-Co-Appellant.

Supreme Court

*No. 92-1359. Filed June 17, 1993.*

(Also reported in 501 N.W.2d 36.)

LOUIS J. CECI, J. *(concurring in order denying motion for reconsideration).* All of the cases that this court decides are significant to the parties and to the development of the law in this state and therefore, of necessity, have state and national significance. That this case involves powerful utility corporations and the Pub-

lic Service Commission of Wisconsin is not a valid reason to change our procedures.

I find no citation to our internal operating procedures in the dissent for its assertion that "now an alternative procedure is possible when this court divides evenly on a case before us on by-pass or certification." Dissenting op. at 959.

The reason there is no citation is obvious: there is no such alleged procedure; and for the dissent to assert that one is "possible" is inaccurate until this court adopts such a change in our internal operating procedures.

Further, the procedure suggested by the dissent, that is, to "remand the case to the court of appeals," dissenting op. at 957, is poorly thought out. Obviously, the publication of the votes of the members of this court would alert all parties and the court of appeals panel as to the thoughts of this court's members. This could, and may very well, lead to all sorts of problems.

Changes in our internal operating procedures, if warranted by more than just the outcome of a particular case, should be carefully thought out and researched.

I concur in the order of this court denying the motion for reconsideration.


SHIRLEY S. ABRAHAMSON *(dissenting on order denying motion for reconsideration)*. I would treat the motion for reconsideration as a motion to vacate the court's order of April 13, 1993, to vacate the court's order accepting bypass of the court of appeals, and to remand the case to the court of appeals. I would schedule this motion for oral argument and give the parties the opportunity to file supplemental briefs.

957

Because the court is not willing to schedule this motion for further consideration, I would conclude on the basis of the briefs filed to date that we should vacate the court's order of April 13, 1993, and the court's order accepting bypass and remand the case to the court of appeals. Strong policy considerations mandate this result.

This case presents an issue of first impression on federal preemption of state utility regulation and apparently has state and national significance. The case came before our court on our granting a party's petition to bypass the court of appeals.[1]

The court heard oral argument in this case on March 31, 1993. On April 13, 1993, less than two weeks after oral argument, we issued an order stating that a six-member court (one justice abstaining) was equally divided and that the judgment of the circuit court was affirmed.

The state has granted litigants the right of appeal to provide a second judicial forum which can scrutinize the case and review the trial court's action. Appellate review serves the goals of correcting errors and establishing precedent which will aid in preventing errors in the future. A reviewing court cannot perform either of these traditional functions when its members are evenly divided

---

[1] One reason this court grants parties' motions to bypass or grants certifications by the court of appeals is that a case raises issues we believe we would ultimately consider on a petition for review of a decision of the court of appeals. This court's hearing the case, whether through by-pass or certification, accords the parties a speedier decision and reduces the burden and expense on both the parties and the judicial system.

and the court is unable to render a decision and issue an opinion in a particular case.[2]

Before the creation of the court of appeals in 1978, this court had no option but to affirm the judgment of the trial court when the justices divided evenly on a case. The April 13, 1993, order affirming the judgment of the circuit court in this case adhered to our longstanding practice of affirming on an evenly divided vote. However, now an alternative procedure is possible when this court divides evenly on a case before us on by-pass or certification. We can remand the case to the court of appeals, thereby giving the parties and the public the benefit of full appellate review and a written opinion.[3]

---

[2] Tie votes may occur at several points in this court's consideration of a case. A tentative vote on the outcome of each case is generally taken at the conference immediately after oral argument, and the task of writing the opinion is assigned to a justice voting in the majority. No writing assignment is made if the vote is tied. Thus if a tie vote is reached at this conference, the court does not have the benefit of one of its member's giving the case intensive studying and drafting an opinion for consideration by all the justices. After the conference at which the tentative decision is reached, justices may change their votes after independent study or after reading a draft "majority" opinion or a draft "dissenting" opinion. This shifting of votes can also lead to a tie vote. See Wisconsin Supreme Court Internal Operating Procedures E, F, and G.

[3] "The entire organizational scheme of our court system, as designated constitutionally in 1977-78, provides that the court of appeals has law-making power that transcends merely doing justice in the individual case. . . . Since 1978, a body of law, which lawyers and trial courts are obliged to follow and which this court treats as precedent, stems from published decisions and opinions of the court of appeals." *Vollmer v. Luety,* 156 Wis. 2d 1, 14 n.4, 456 N.W.2d 234 (1990).

Accordingly, I conclude that in this case and in future cases we should adhere to the following internal procedure: On a tie vote in a case coming to the court on by-pass or certification, we should vacate the order of by-pass or certification and remand the cause to the court of appeals.

For the reasons set forth, I dissent from the order denying the motion for reconsideration.

I am authorized to state that Justice WILLIAM A. BABLITCH joins this dissent.

Our remanding this case to the court of appeals would not preclude our later granting a petition by one of the parties to review the decision of the court of appeals. While that review might once again result in a divided court and affirmance this time of the court of appeals, the purposes of the appellate process would have been achieved.