**STATE of Iowa, Appellee,**

v.

**Gary C. GILMOUR, Appellant.**

No. 93–679.

Supreme Court of Iowa.

Oct. 19, 1994.

Rehearing Denied Nov. 21, 1994.

Kent A. Simmons, Davenport, for appellant.

Bonnie J. Campbell, Atty. Gen., Sheryl A. Soich, Asst. Atty. Gen., William E. Davis,

County Atty., and Joseph Grubisich, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, SNELL, and ANDREASEN, JJ.

CARTER, Justice.

Defendant, Gary C. Gilmour, appeals from his convictions of sexual exploitation of a minor in violation of Iowa Code section 728.12(1) (1991) and pandering in violation of Iowa Code section 725.3 (1991). He urges that the State should have been required to establish as an element of the sexual exploitation offense that he had knowledge that the victim was not of legal age. He also urges that the interpretation of section 728.12(1) urged by the State and applied by the district court is a violation of the Equal Protection Clause of the Fourteenth Amendment to the federal Constitution and the First Amendment to the federal Constitution. Finally, he claims that the evidence was insufficient to support the pandering conviction. After considering all of the arguments presented, we affirm the judgment of the district court.

Gilmour requested a ruling in advance of trial on whether knowledge of age was an element of the exploitation count and, in the alternative, whether an affirmative defense of mistake of fact regarding the age of the victim could be used. The district court found that knowledge of age is not an element of exploitation and that mistake of fact as to age could not be used as a defense. Following a bench trial, Gilmour was convicted of exploitation of a minor and also convicted of pandering.

Gilmour is a professional photographer in Davenport specializing in weddings and "boudoir" work. He was introduced to a seventeen-year-old woman named Cassandra by her boyfriend. Cassandra testified at the trial that she and Gilmour met at a bar where they discussed the possibility of her posing for nude photographs. She further testified that Gilmour suggested that he could arrange for Cassandra to dance at bachelor parties and perform sex for money at those parties. According to Cassandra,

Gilmour took nude photographs of her and her boyfriend engaging in sex acts soon after her meeting with Gilmour at the bar. Gilmour testified that he had asked Cassandra's boyfriend how old she was and was told that she was twenty-two. He further claimed to have independently verified Cassandra's age by viewing her driver's license.

Cassandra testified that she later told Gilmour that she wanted to obtain the explicit photos taken of her and the negatives. Gilmour suggested that she could have the photographs if she would agree to seduce a pizza deliveryman. Arrangements were made to have Cassandra order a pizza, meet the deliveryman at the door in the nude, and entice him to have sex. This plan was carried out. Gilmour, however, refused to return the photographs unless Cassandra also had sex with him. That also occurred, and Gilmour still retained at least some of the photographs.

I. *Knowledge of Age as an Element For Exploitation of a Minor.*

Gilmour argues that the district court was incorrect when it found that knowledge of the age of a minor is not an element for proving a violation of Iowa Code section 728.12(1). That statute provides:

A person commits a class "C" felony when the person employs, uses, persuades, induces, entices, coerces, knowingly permits, or otherwise causes a minor to engage in a prohibited sexual act or in the simulation of a prohibited sexual act if the person knows, has reason to know, or intends that the act or simulated act may be photographed, filmed, or otherwise preserved in a negative, slide, book, magazine, or other print or visual medium.

Iowa Code § 728.12(1).

Gilmour suggests that there are two reasonable interpretations of section 728.12(1). The first interpretation is that the word "knowingly" only modifies the word "permits." The second interpretation is that the word "knowingly" modifies all of the verbs in that particular string of verbs. Gilmour argues that, because there is more than one possible interpretation, the statute should be found to be ambiguous. Because it is a penal

statute, he argues that it should be interpreted in favor of the accused.

Gilmour's second argument is that the knowledge requirement of sections 728.12(2) and (3) should, by analogy, be applied to section 728.12(1). Section 728.12(2) prohibits knowingly promoting obscene material involving a minor, while section 728.12(3) prohibits knowingly purchasing or possessing obscene material involving a minor.

The State responds by urging that section 728.12(1) is not ambiguous because the word "knowingly" may only be read to modify "permits" and not to reach back and modify all of the preceding verbs. It notes that the word "permit" is the only passive verb in the string of verbs and is the only verb that is not willful by its very nature. The State further points out that the affirmative defense of mistake of age contained in Iowa Code section 728.10 only extends to the dissemination or exhibition of obscene materials to minors. The legislature thus consciously elected not to extend it to the offense of exploitation of a minor embraced in section 728.12(1).

■ Rules of statutory construction are not resorted to unless there is ambiguity present. *State v. Green,* 470 N.W.2d 15, 18 (Iowa 1991); *State v. Hopkins,* 465 N.W.2d 894, 896 (Iowa 1991); *Schultze v. Landmark Hotel Corp.,* 463 N.W.2d 47, 49 (Iowa 1990). Ambiguity is present if reasonable minds may differ or be uncertain as to the meaning of the statute. *Green,* 470 N.W.2d at 18; *City of Des Moines v. State ex rel. Clerk of Court,* 449 N.W.2d 363, 365 (Iowa 1989); *In re G.R.,* 348 N.W.2d 627, 631 (Iowa 1984). When a statute is clear on its face, additional meanings will not be sought. *State v. Hopkins,* 465 N.W.2d 894, 896 (Iowa 1991); *Roosevelt Hotel Ltd. Partnership v. Sweeney,* 394 N.W.2d 353, 356 (Iowa 1986); *Phillips v. Iowa Dist. Court,* 380 N.W.2d 706, 710 (Iowa 1986); *State v. Rich,* 305 N.W.2d 739, 745 (Iowa 1981); *State v. Sunclades,* 305 N.W.2d 491, 494 (Iowa 1981).

We must interpret section 728.12(1) as written. There is no indication in the statutory language that knowledge of age is an element of the offense. Even if the word "knowingly" were placed elsewhere in the statute, that fact would not establish that knowledge of age is essential to conviction of the offense. It would only establish that the persuasion, inducement, enticement, or coercion of the subject must have been knowingly carried out. For this reason, we must reject out of hand Gilmour's argument that seeks to interpret subsection (1) of section 728.12 by reference to the word "knowingly" contained in subsections (2) and (3) of that statute. Contrary to his suggestion, subsections (2) and (3) also contain no language that would support a mistake-of-age defense.

II. *Constitutionality of Denying the Use of the Mistake–of–Age Defense.*

■ Gilmour has two constitutional arguments regarding the denial of the mistake-of-age defense. His first constitutional argument is that it serves to deny him equal protection of the law. The second argument is that the denial of the defense chills his First Amendment rights.

For the equal protection argument, Gilmour compares two classes of accused people: those people charged under Iowa Code section 728.2 (dissemination and exhibition of obscene material to minors), and those people charged under Iowa Code section 728.12(1) (sexual exploitation of a minor). Gilmour contends that both of these classes of people are similarly situated since they are both purveyors of sexually explicit material. Gilmour claims that the difference is that those charged under section 728.2 are provided with a statutory defense for mistake of age under Iowa Code section 728.10, while those charged under section 728.12(1) are not. He contends that there is no rational basis for treating these groups of people differently.

Gilmour also claims that the denial of the defense based on mistake of fact would chill his First Amendment rights. For this argument, Gilmour relies on *United States v. United States District Court,* 858 F.2d 534 (9th Cir.1988), which involved a filmmaker who made a movie featuring a sixteen-year-old actress participating in sexually explicit conduct. The court stated that, to avoid chilling First Amendment rights, defendants

must be given the opportunity to use the defense of mistake of age. *Id.* at 540–41.

The State argues that the offenses of dissemination and exhibition of obscene material to minors under section 728.2 and sexual exploitation of a minor under section 728.12(1) are markedly different with respect to the nature of the criminal activity. Consequently, the State urges, a rational basis exists for treating those accused of these different offenses in a different manner. We find the State's argument to be persuasive. Persons in dissimilar situations do not have to be treated in the same manner in order to satisfy the Equal Protection Clause. *Koch v. Kostichek,* 409 N.W.2d 680, 683 (Iowa 1987); *Stracke v. City of Council Bluffs,* 341 N.W.2d 731, 734 (Iowa 1983).

We also reject Gilmour's constitutional challenge to section 728.12(1) based on the First Amendment. In the federal case on which he relies, the court believed that a statute imposing strict criminal liability for filming a minor in a sexually explicit manner would have a chilling effect on the hiring of any "young appearing" persons for this type of film even though those persons were of legal age. We are not confident that this conclusion is required by either the text or spirit of the First Amendment. We need not decide that point, however, because we are able to distinguish the *United States District Court* case as it may be applicable here.

The federal statute interpreted in *United States District Court,* 18 U.S.C. § 2251(a), was a prohibition against producing films depicting explicit sex by minors to be distributed in interstate commerce or the mails. As such, the prohibition might conceivably be viewed as pertaining to the communication of the contents of the film. In sharp contrast, the conduct prohibited in section 728.12(1) is the enticing of minors to engage in a prohibited sex act or simulate a prohibited sex act for purposes of photographing the act. The prohibition is thus not aimed at distribution of the material as a communication or expression of ideas. In light of the great latitude extended to states in regulating child pornography by *New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982), we do not believe that the prohibition offends against expression protected by the First Amendment. The Court in *Ferber* spoke to the matter of First Amendment protections and found them to be very limited in the child pornography area. *Id.* at 756–57, 102 S.Ct. at 3354, 73 L.Ed.2d at 1122–23.

### III. *Sufficiency of Evidence for Pandering.*

Gilmour argues that there was insufficient evidence to support a conviction of pandering under Iowa Code section 725.3(2) (1991). He urges that the evidence falls short of that found in the cases of *State v. Williams,* 315 N.W.2d 45 (Iowa 1982), and *State v. Clark,* 406 N.W.2d 802 (Iowa App. 1987). He points out that, in both *Williams* and *Clark,* there was a well-designed plan for prostitution and in each of the cases the defendant actively sought to implement that plan.

Gilmour urges that the evidence, viewed in the light most favorable to the State, only shows that he asked if Cassandra would be interested in dancing at bachelor parties, and if she were interested she could also be paid for sex at such parties. Gilmour maintains that this evidence is insufficient for a conviction for pandering in comparison with the substantial amount of evidence found in both *Williams* and *Clark.*

The pandering statute provides:

A person who persuades, arranges, coerces, or otherwise causes a minor to become a prostitute or to return to the practice of prostitution after having abandoned it, or keeps or maintains any premises for the purpose of prostitution involving minors or knowingly shares in the income from such premises knowing the character and content of such income, commits a class "C" felony.

Iowa Code § 725.3(2). Gilmour argues that the evidence does not show he persuaded, arranged, coerced, or otherwise caused Cassandra to become a prostitute. We disagree.

The general purpose of section 725.3 "is to prevent the spread of prostitution by imposing punishment for those individuals who encourage commission of the crime." *Williams,* 315 N.W.2d at 50. We have recog-

nized that the fact that acts of prostitution never took place is immaterial for a conviction on pandering charges. *Id.* at 50–51. Viewing the evidence in the light most favorable to the State, it appears from the evidence that Gilmour enticed Cassandra to appear at bachelor parties for the purposes of performing both nude dancing and sex for money. That evidence alone serves to sustain the pandering conviction. Consequently, we need not consider whether the episode with the pizza deliveryman also established an act of pandering by Gilmour.

We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**