# IN THE COURT OF APPEALS OF IOWA

No. 16-0843
Filed August 2, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DARRIN FRANK FEHRER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Jasper County, Terry R. Rickers, Judge.

A defendant appeals his conviction asserting a jury instruction error, insufficient evidence, and a violation of his Fourth Amendment rights. **AFFIRMED.**

Nicholas B. Dial of Dial Law Office, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Mullins, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**SCOTT, Senior Judge.**

Darren Fehrer appeals his convictions for possession of methamphetamine as an habitual offender, in violation of Iowa Code sections 124.401(5) and 902.8 (2015), and dissemination of obscene materials to a minor, in violation of Iowa Code section 728.2. He asserts the court incorrectly denied his request to include in the marshalling instruction for the dissemination charge a requirement that he knew the complaining witness was under the age of eighteen. He also asserts insufficient evidence supports that conviction. Finally, he claims the district court incorrectly denied in part his motion to suppress evidence seized from his house that he contends was outside the scope of a search warrant. For the reasons stated herein, we affirm his convictions.

**I.  Background Facts and Proceedings.**

Fehrer first contacted the complaining witness, who lived in Minnesota, through a mobile social media chat application. Initially, both Fehrer and the complaining witness lied about their ages. Fehrer maintained he was nineteen, when he was actually fifty-one; the complaining witness initially told Fehrer she was eighteen, but within a few weeks, she truthfully informed him she was sixteen years old. The two communicated regularly, and the conversations, via social media and email, became romantic. By March 2015, Fehrer sent pictures of his erect penis and a video of him masturbating to the complaining witness. The complaining witness testified the pictures and video were sent to her by Fehrer after she told him she was sixteen.

The complaining witness's mother became aware of the communication and reported the information to local police, who were able to determine Fehrer

was the person seen in the photographs and video on the complaining witness's phone. The police obtained a search warrant for Fehrer's home, and during the execution of that warrant, police located a glass methamphetamine pipe and a clear plastic bag containing residue of what was later determined to be methamphetamine.

The State charged Fehrer with possession of methamphetamine as an habitual offender and dissemination of obscene materials to a minor. Fehrer filed a motion to suppress the drug evidence, asserting the search warrant was an invalid general warrant, but the court denied his motion in part. Fehrer was convicted as charged following a jury trial. Fehrer was sentenced to prison for fifteen years on the possession charge and one year on the dissemination charge, to be served consecutively. He now appeals.

## II. Scope and Standard of Review.

Our review of Fehrer's challenge to the court's failure to give his requested jury instruction is for the correction of errors at law. *See Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 707 (Iowa 2016). Similarly, we review a defendant's challenge to the sufficiency of the evidence supporting a conviction for the correction of errors at law. *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). However, we review de novo a challenge to the district court's denial of a motion to suppress based on a constitutional violation. *State v. Brown*, 890 N.W.2d 315, 321 (Iowa 2017).

## III. Jury Instruction.

Fehrer first challenges the district court's refusal to instruct the jury that an element of the dissemination charge was his knowledge that the complaining

witness was under the age of eighteen. "Iowa law requires a court to give a requested jury instruction if it correctly states the applicable law and is not embodied in other instructions." *Alcala*, 880 N.W.2d at 707 (citation omitted). The court denied Fehrer's request based on *State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009), where the supreme court quoted the jury instruction given in that case charging the same crime.[1] The district court stated section 728.2 does not contain any indication that the person charged with the crime must know the person who sees the obscene material is a minor and analogized this crime to the crime of statutory rape under section 709.4, where it is not a defense for the defendant to claim a lack of knowledge of the age of the victim. *See State v. Tague*, 310 N.W.2d 209, 212 (Iowa 1981) (holding the defense of a mistake of fact as to the victim's age was no defense to the crime of sexual abuse in the third degree).

On appeal, Fehrer asserts the district court's reliance on *Canal* is misplaced because the supreme court in *Canal* did not address the issue of whether knowledge of the complaining witness's age was an element of the crime. He also asserts any analogy to the statutory rape code section is incongruous because section 709.4 does not contain the word "knowingly," which is part of section 728.2. He asserts the use of the word "knowingly" in section 728.2 modifies not only the words disseminate and exhibit but also the word minor.

---

[1] The jury instruction given in *Canal* and the jury instruction given in this case are identical except for the identity of the complaining witness and the date of the offense. *See* 773 N.W.2d at 530.

Iowa Code section 728.2 provides:

> Any person, other than the parent or guardian of the minor, who knowingly disseminates or exhibits obscene material to a minor, including the exhibition of obscene material so that it can be observed by a minor on or off the premises where it is displayed, is guilty of a public offense and shall upon conviction be guilty of a serious misdemeanor.

While we agree the supreme court in *Canal* did not address the issue that is pertinent to this appeal, we conclude the legislature has specifically provided under what circumstances a defendant's knowledge of the complaining witness's age is relevant to the charge of disseminating or exhibiting obscene material to a minor. Iowa Code section 728.10 provides:

> In any prosecution for disseminating or exhibiting obscene material to minors, it is an *affirmative defense* that the defendant had reasonable cause to believe that the minor involved was eighteen years old or more and the minor exhibited to the defendant a draft card, driver's license, birth certificate or other official or apparently official document purporting to establish that such minor was eighteen years old or more or was accompanied by a parent or spouse eighteen years of age or more.

(Emphasis added.); s*ee State v. Gilmour*, 522 N.W.2d 595, 597 (Iowa 1994) (noting a mistake-of-age defense is available under section 728.10 for the crime of dissemination or exhibition of obscene material to minors but not available to the crime of sexual exploitation of a minor). Thus, a defendant's mistake of the age of the minor is an affirmative defense to a dissemination charge.

> The significance of the distinction between an element and an affirmative defense is that with regard to an element, the State has the burden of going forward with the evidence as well as the ultimate burden of persuasion. By contrast, it is the defendant who has the burden of going forward with evidence of an affirmative defense. There is no burden on the State to negate an affirmative defense unless the defendant meets his initial burden by producing sufficient evidence that the defense applies.

*State v. Delay*, 320 N.W.2d 831, 834 (Iowa 1982) (citation omitted).

> Courts are required to instruct the jury on the law for all material issues raised by the evidence in a case. It ordinarily "must instruct on a defendant's theory of defense provided the defendant makes a timely request, the requested theory of defense instruction is supported by the evidence, and the requested instruction is a correct statement of the law." An instruction is supported by the evidence when it "could convince a rational finder of fact that the defendant has established his affirmative defense." The defendant must produce substantial evidence to support the instruction.

*State v. Guerrero Cordero*, 861 N.W.2d 253, 260 (Iowa 2015) (footnote and citations omitted), *overruled on other grounds by Alcala*, 880 N.W.2d at 708 n.3.

In this matter, the district court was correct to deny Fehrer's request to instruct the jury regarding the affirmative defense of the mistake of fact as to the complaining witness's age because Fehrer did not produce any evidence, let alone substantial evidence, to support the affirmative defense. The affirmative defense requires proof Fehrer had a "reasonable cause" to believe that the complaining witness was eighteen years old or more "*and* the [complaining witness] exhibited to [Fehrer] a draft card, driver's license, birth certificate or other official or apparently official document purporting to establish that [the complaining witness] was eighteen years old or more or was accompanied by a parent or spouse eighteen years of age or more." Iowa Code § 728.10 (emphasis added).

At most, the evidence in this case established the complaining witness initially lied to Fehrer and told him that she was eighteen through a mobile social media chat application. The complaining witness testified that she, within a few weeks, admitted to Fehrer that she was sixteen and that Fehrer sent her the obscene photos and video *after* she told him her true age. Fehrer failed to

introduce any evidence that he had "reasonable cause" to believe the complaining witness was eighteen when he sent the obscene material or that she ever provided him an apparently official document that purported to establish she was eighteen years old. Nor did he present any evidence to establish that the complaining witness was ever accompanied by a parent or spouse when viewing the material he sent. Because Fehrer did not meet the threshold burden to put into controversy his mistake of fact regarding the complaining witness's age, the district court correctly rejected his request to instruct the jury on this affirmative defense.

## IV. Sufficiency of the Evidence.

Next, Fehrer challenges his conviction on the dissemination count as lacking evidentiary support. Specifically, he asserts the State failed to offer evidence to support the element that he is not the parent or legal guardian of the complaining witness. *See* Iowa Code § 728.2 ("Any person, *other than the parent or guardian of the minor*, who knowingly disseminates or exhibits obscene material to a minor . . . ." (emphasis added)). Fehrer made a motion for judgment of acquittal on this ground at trial, and in denying the motion, the district court stated:

> I'm going to hesitantly deny the motion. It goes without saying that the court is certainly perplexed as to why the State just simply did not ask the question straight out during the course of the presentation of its case. But the court's recollection is that [the complaining witness] had not met the individual that she was corresponding with and had no idea who the individual was, whether she thought the individual was the allegedly fictitious character of Darrin Case or whether the individual was the defendant Darrin Fehrer.
> The totality of the circumstances of the relationship as explained by [the complaining witness] during her testimony and

based upon Mr. Fehrer's denial that he had any idea who [the complaining witness] was would lead to the inference that there was no parental or legal guardianship relationship between the two. So I am going to deny the motion on that basis and let the jury decide whether or not they're satisfied beyond a reasonable doubt that there's no parental relationship or legal guardianship relationship between [the complaining witness] and the defendant Mr. Fehrer.

In reviewing a sufficiency of the evidence challenge, we view all the evidence "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017) (citation omitted). "Evidence raising only 'suspicion, speculation, or conjecture is not substantial.'" *Id.* (citation omitted). However, direct and circumstantial evidence, and the inferences drawn therefrom, are equally probative. *State v. Liggins*, 524 N.W.2d 181, 186 (Iowa 1994) ("Circumstantial evidence is not inferior evidence; both direct and circumstantial evidence are equally probative.").

The evidence in this case established the complaining witness and Fehrer lived in different states, connected for the first time through a mobile social media chat application, and never met in person. The complaining witness did not know Fehrer's true identity, age, or appearance, and Fehrer denied knowing the complaining witness when interviewed by police. We conclude a fair inference based on this evidence is that Fehrer was not the complaining witness's parent or legal guardian. We affirm the district court's denial of Fehrer's motion for judgment of acquittal.

**V. Search Warrant.**

Finally, Fehrer claims the district court incorrectly denied in part his motion to suppress the evidence of the plastic bag containing methamphetamine residue and the glass methamphetamine pipe. He claims the search warrant was unconstitutional as a general warrant and the plastic bag and glass pipe were outside the scope of the warrant. He claims the officers purposefully drafted the warrant broadly, which was supposed to look for items related to the complaining witness's allegations, in an effort to circumvent the warrant requirement to find narcotics.

We begin by noting Fehrer's assertions that the motivation of the officers to look for drugs when they obtained the search warrant to look for evidence to support the dissemination charge has no bearing on the admissibility of the drug evidence found. S*ee State v. Kubit*, 627 N.W.2d 914, 918–19 (Iowa 2001) ("Whether a Fourth Amendment violation has occurred turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time and not on the officer's actual state of mind . . . ." (quoting *Maryland v. Macon*, 472 U.S. 463, 470 (1985))), *abrogated on other grounds by State v. Turner*, 630 N.W.2d 601 (Iowa 2001).

However, general warrants are forbidden by the Fourth Amendment, which requires the "warrant to particularly describe the persons or places to be searched and things to be seized." *State v. Thomas*, 540 N.W.2d 658, 662 (Iowa 1995). In ruling on Fehrer's motion to suppress, the district court noted that "Fehrer concede[d] that the search warrant was valid insofar as it related to the search for obscene materials allegedly transmitted to [the complaining witness]."

Fehrer does not contend otherwise on appeal. However, he asserts it was improper for the officers to seize the drug evidence discovered during the search of his house without first obtaining a new search warrant that pertained to narcotics.

The plain-view doctrine is an exception to the warrant requirement. *State v. McGrane*, 733 N.W.2d 671, 680 (Iowa 2007). "'For the plain view exception to apply, police must be rightfully in the place that allows them to make the observation.' In addition, the State has the burden of proving (1) the item seized was in plain view and (2) its 'incriminating character' was 'immediately apparent.'" *Id.* (citations omitted). As discussed above, the officers were rightfully in a location—Fehrer's house—that allowed them to make observations by virtue of the search warrant. The officers testified at the suppression hearing that the glass pipe was located in the kitchen on the counter and the bag with residue was found on the floor of the "east" room. Both items were out in the open, and the incriminating nature of both items was immediately apparent. We agree with the district court's conclusion that the plain-view exception applies in this case with respect to the officers' seizure of the glass methamphetamine pipe and bag with methamphetamine residue. Therefore, we conclude the district court correctly denied in part Fehrer's motion to suppress.

**VI. Conclusion.**

We conclude the court correctly instructed the jury on the dissemination count as Fehrer failed to offer substantial evidence to support the affirmative defense that he was operating under a mistake of a fact as to the complaining witness's age. We also conclude sufficient evidence supports the conclusion that

Fehrer was not the complaining witness's parent or legal guardian.  Finally, we affirm the district court's denial of Fehrer's motion to suppress evidence seized from his house based on the plain-view exception.

**AFFIRMED.**