# IN THE SUPREME COURT OF IOWA

No. 07–1051

Filed September 18, 2009

**STATE OF IOWA,**

Appellee,

vs.

**JORGE CANAL, JR.,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District Associate Judge.

The defendant appeals his conviction for knowingly disseminating obscene material to a minor. **DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Elisabeth S. Reynoldson, Assistant Attorney General, Wayne M. Reisetter, Dallas County Attorney, and Sarah C. Pettinger, Assistant County Attorney, for appellee.

**WIGGINS, Justice.**

This case involves sexting among teenagers. "Sexting" is the practice of sending nude photographs via text message. In this appeal, we must determine whether sufficient evidence supported the defendant's conviction for knowingly disseminating obscene material to a minor in violation of Iowa Code section 728.2 (2005) and whether his trial counsel provided him ineffective assistance of counsel. Because the evidence was sufficient to support his conviction and his trial counsel was not ineffective, we affirm the decision of the court of appeals and the judgment of the district court.

## I. Background Facts and Proceedings.

On May 15, 2005, C.E., a fourteen-year-old female attending high school, received two photographs via e-mail from Jorge Canal. Canal was eighteen years of age and attended the same school when this incident occurred. One of the photographs was of Canal's erect penis; the other was a photograph of his face. A text message attached to the photograph of his face said, "I love you."

C.E. and Canal were friends and had known each other for roughly a year before Canal sent the photograph of his erect penis. They both associated with the same group of friends. C.E. generally hung out with teenagers older than herself. Both Canal and C.E. acknowledged they were only friends. Canal sent the photograph of his erect penis only after C.E. asked him to send a photograph of his penis three or four times in the same phone call. C.E. received the photograph on her e-mail account, viewed it, and thought she had deleted it. C.E. testified the photograph was sent only as a joke because some of her friends were doing it. She further testified that she did not ask for the photograph as

a means to excite any feelings. Finally, C.E. testified that she asked for a photograph of Canal's penis, but not his erect penis.

C.E.'s mother, who checked her daughter's e-mail and internet use, found the photographs and forwarded them to her husband. C.E.'s father then showed the photographs to a police officer. The parents knew the officer because C.E.'s father used to be a reserve officer for the police department. The State charged Canal with violating Iowa Code section 728.2, for knowingly disseminating obscene material to a minor.

The case was tried to a jury. The jury found Canal guilty of knowingly disseminating obscene material to a minor. The court imposed a deferred judgment, a civil penalty of $250, and probation with the department of corrections for one year. The court also instructed Canal that he must register as a sex offender and ordered that an evaluation take place to determine if treatment was necessary as a condition of his probation. Canal received notification of the requirement to register as a sex offender on April 6, 2006.

The defendant appealed his conviction, but we denied the appeal because Canal appealed from a deferred judgment. *See State v. Stessman*, 460 N.W.2d 461, 462 (Iowa 1990) (holding there is no right of a direct appeal from a deferred judgment because a final judgment in the district court does not exist). Canal subsequently violated the terms of his probation, and the court revoked Canal's deferred judgment. The court sentenced him to nineteen days in jail. Canal also had to pay a fine of $250 and continue to register as a sex offender.

Canal appealed his conviction. We transferred the case to the court of appeals. The court of appeals affirmed the conviction.

Canal filed for further review, which we granted.

## II. Issues.

On appeal, Canal raises two issues. First, he claims the evidence was insufficient to establish the e-mails he sent C.E. were obscene. Second, he claims his trial counsel was ineffective for failing to request a jury instruction informing the jury that mere nudity is not sufficient to establish obscenity.

## III. Scope of Review.

We review a challenge to the sufficiency of the evidence for correction of errors at law. *State v. Millsap*, 704 N.W.2d 426, 430 (Iowa 2005). The goal of the court is to determine whether the evidence could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. *State v. Anspach*, 627 N.W.2d 227, 231 (Iowa 2001). The court views the evidence in the light most favorable to the State in making this determination. *Millsap*, 704 N.W.2d at 429. As to Canal's ineffective-assistance-of-counsel claim, we review it de novo because it has its basis in the Sixth Amendment to the United States Constitution. *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008).

## IV. Sufficiency-of-the-Evidence Claim.

Canal did not object to the instructions given to the jury at trial. Therefore, the jury instructions become the law of the case for purposes of our review of the record for sufficiency of the evidence. *See State v. Ondayog*, 722 N.W.2d 778, 783–84 (Iowa 2006) (citing *State v. Taggart*, 430 N.W.2d 423, 425 (Iowa 1988)) (stating except in a claim for ineffective assistance of counsel asserting the instructions were deficient, jury instructions, which were not objected to, become the law of the case). Instruction number thirteen was the marshalling instruction. It stated the elements of knowingly disseminating obscene material to a minor as follows:

1. On or about the 15th day of May, 2005, the defendant knowingly disseminated or exhibited obscene material to C.E.

2. C.E. was then under the age of eighteen.

3. The defendant was not the parent or guardian of C.E.

Jury instruction number eighteen defined "obscene material" as

any material depicting or describing the genitals, sex acts, masturbation, excretory functions or sadomasochistic abuse which the average person, taking the material as a whole and applying contemporary community standards with respect to what is suitable material for minors, would find appeals to the prurient interest and is patently offensive; and the material, taken as a whole, lacks serious literary, scientific, political, or artistic value.[1]

The same instruction defined "prurient interest" as "a shameful or morbid interest in nudity, sex, or excretion." Finally, regarding "community standards," instruction eighteen stated:

In determining the community standards, you are entitled to draw on your own knowledge of the views of the average person in the community or the vicinity from which you come to make your determination, within the parameters of the definitions you have been given.

Canal's sole contention regarding the sufficiency of the evidence is that the material he sent to C.E. was not obscene. The jury instruction defining obscenity incorporates the Supreme Court's definition of obscenity, but adds the phrase "with respect to what is suitable material for minors." *See Miller v. California*, 413 U.S. 15, 24–25, 93 S. Ct. 2607, 2614–15, 37 L. Ed. 2d 419, 430–31 (1973). In other words, the jury instruction recognizes that the obscenity test as to minors is different from the test as to adults. This recognition extends back to *Ginsberg v.*

---

[1]Jury instruction eighteen defined "obscene material" using the language contained in Iowa Code section 728.1(5) (2005), which defines "obscene material" for purposes of Iowa Code chapter 728.

*New York*, 390 U.S. 629, 636–37, 88 S. Ct. 1274, 1279, 20 L. Ed. 2d 195, 202 (1968). *See Erznoznik v. City of Jacksonville*, 422 U.S. 205, 212, 95 S. Ct. 2268, 2274, 45 L. Ed. 2d 125, 133 (1975) ("It is well settled that a State or municipality can adopt more stringent controls on communicative materials available to youths than on those available to adults.").

However, minors are still "entitled to a significant measure of First Amendment protection and only in relatively narrow and well-defined circumstances may government bar public dissemination of protected materials to them." *Id.* at 212–13, 95 S. Ct. at 2274, 45 L. Ed. 2d at 133 (citation omitted). In *Erzonoznik*, the Court found that "all nudity cannot be deemed obscene even as to minors." *Id.* at 213, 95 S. Ct. at 2275, 45 L. Ed. 2d at 133. There, the ordinance outlawed anyone from exhibiting movies where a human male or female bare buttocks, female bare breasts, or human bare pubic area was shown, if visible from a public street. *Id.* at 206–07, 95 S. Ct. at 2271, 45 L. Ed. 2d at 129. Despite holding this ordinance invalid, the Court still stated it would not "deprecate the legitimate interests asserted by the city."[2] *Id.* at 217, 95 S. Ct. at 2277, 45 L. Ed. 2d at 136.

Finally, the instructions, as given, allow the jury to determine the contemporary community standards with respect to what is suitable material for minors. This instruction is consistent with the Supreme Court's pronouncement in *Miller*. *Miller*, 413 U.S. at 24, 93 S. Ct. at 2615, 37 L. Ed. 2d at 431; *accord State v. Groetken*, 479 N.W.2d 298, 301–02 (Iowa 1991). Under the community standards test, jurors in different regions of the country or a state may come to different

---

[2]Canal makes no claim as to the constitutionality of Iowa Code sections 728.1(5) or 728.2 under the federal or state constitutions.

conclusions on whether the same material is obscene. *Miller*, 413 U.S. at 27 n.9, 93 S. Ct. at 2616 n.9, 37 L. Ed. 2d at 432 n.9. This is because jurors are allowed to draw on their own knowledge of the views of the average person in the community or vicinage from which they come when determining community standards. *Id.* at 30, 93 S. Ct. at 2618, 37 L. Ed. 2d at 434.

Applying the jury instructions as given and reviewing the evidence in the light most favorable to the State, the question we must resolve is whether, under this record, a rational juror could find Canal guilty beyond a reasonable doubt of knowingly disseminating obscene material to a minor. Canal took one photograph of his face and one photograph of his erect penis. He e-mailed the photographs to C.E. separately. He attached a text message to the photograph of his face that said, "I love you."

Although Canal argued to the jury the material he sent C.E. only appealed to a natural interest in sex, under the instructions given the jury could find, by applying its own contemporary community standards with respect to what is suitable material for minors, that the material appealed to the prurient interest, was patently offensive, and lacked serious literary, scientific, political, or artistic value. On a sufficiency-of-the-evidence review, our task is not to refind the facts. Moreover, on this record we cannot conclude, as a matter of law, the materials Canal sent to C.E. were not obscene. Therefore, even though another jury in a different community may have found this material not to be obscene, the evidence in this record was sufficient for this jury to determine, under its own community standards, that the material Canal sent to C.E. was obscene.

### V. Ineffective-Assistance-of-Counsel Claim.

Canal also claims his trial counsel was ineffective for failing to request a clarifying instruction that mere nudity does not constitute obscenity. Canal claims he is entitled to a new trial because the court did not properly instruct the jury on the applicable law and rendered its guilty verdict on constitutionally insufficient evidence.

Normally, we deal with ineffective-assistance-of-counsel claims after postconviction-relief proceedings. *Maxwell*, 743 N.W.2d at 195. However, as in this case, if the record is sufficient to permit a ruling, we will consider such a claim. *Id.* To demonstrate ineffective assistance of counsel, Canal must prove: (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984). To prove counsel failed to perform an essential duty, Canal "must show that counsel's performance was deficient" meaning that trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* We measure counsel's performance by determining "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694. To prove prejudice, Canal must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698. To show a reasonable probability that the result would have been different, Canal " 'need only show that the probability of a different result is "sufficient to undermine confidence in the outcome." ' " *Bowman v. State*, 710 N.W.2d 200, 206 (Iowa 2006) (quoting *State v. Graves*, 668 N.W.2d 860, 882–83 (Iowa 2003)).

We conclude as a matter of law that Canal's counsel did not fail to perform an essential duty. "It is well settled that a trial court need not instruct in a particular way so long as the subject of the applicable law is correctly covered when all the instructions are read together." *State v. Uthe*, 542 N.W.2d 810, 815 (Iowa 1996). Based on the definitions of obscenity, prurient interest, and community standards given by the court, the court correctly instructed the jury on the issue.

The court told the jury that a depiction of a person's genitals was not in and of itself obscene. In order for the depiction of a person's genitals to be obscene, an average person applying contemporary community standards with respect to what is suitable material for minors must find the material is patently offensive, appeals to the prurient interest, and lacks serious literary, scientific, political, or artistic value. When viewing the instructions in their entirety, the court effectively instructed the jury that mere nudity does not constitute obscenity. Although the court could have phrased the instruction to say, "mere nudity does not constitute obscenity," Canal's trial counsel did not provide ineffective assistance because of his failure to object to the generally accurate instructions. *State v. Reyes*, 744 N.W.2d 95, 103 (Iowa 2008).

## VI. Disposition.

We affirm the decision of the court of appeals and the judgment of the district court because the evidence was sufficient to support Canal's conviction for knowingly disseminating obscene material to a minor and his trial counsel was not ineffective.

**DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.**

All justices concur except Streit and Baker, JJ., who take no part.