**IN THE COURT OF APPEALS OF IOWA**

No. 13-1561
Filed December 24, 2014

**RAY ALLEN BLUME,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Polk County, Lawrence P.
McLellan, Judge.


      Ray Blume appeals from the district court's denial of his application for
postconviction relief. **AFFIRMED.**



      Emily Tisinger of Springer & Laughlin Law Offices, P.C., Des Moines, for
appellant.

      Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant
Attorney General, John P. Sarcone, County Attorney, and Robert DiBlasi,
Assistant County Attorney, for appellee.



      Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Ray Blume appeals the district court's denial of his application for postconviction relief (PCR) claiming his trial counsel was ineffective in four ways: failing to obtain and present the results of a DNA test, failing to obtain an expert witness on the issue of eyewitness identification, failing to move to suppress the victim's pretrial identification of Blume, and failing to object at trial to the introduction of the photographic array. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a).

After a jury trial on July 21, 2011, Blume was convicted of second-degree robbery and first-degree burglary. Blume did not appeal his convictions. On October 17, 2012, he filed the present PCR action alleging ineffective assistance of counsel.

Claims of ineffective assistance of counsel are reviewed de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). This is our standard because such claims have their "basis in the Sixth Amendment to the United States Constitution." *State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009).

An ineffective-assistance-of-counsel claim requires a demonstration of both breach of duty and prejudice. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The breach-of-duty prong requires proof the attorney performed below the standard demonstrated by a reasonably competent attorney as compared against prevailing professional norms. *Id.* There is a strong presumption the attorney performed their duties competently. *Id.* Once the applicant has shown a breach

of duty, they must also show the error caused prejudice. *Id.* at 143. Breach of duty requires proof that, but for the ineffective assistance, "the result of the proceeding would have been different." *Id.* at 143 (citing *Strickland*, 466 U.S. at 694). The applicant must "show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* (citing *Strickland*, 466 U.S. at 693). Blume must prove both the "essential duty" and "prejudice" elements by a preponderance of the evidence. *See Ennenga*, 812 N.W.2d at 701.

Upon our de novo review of the record, we find Blume has failed to show, by a preponderance of the evidence, his trial attorney provided ineffective assistance of counsel. We agree with the well-written decision of the district court. The issues Blume complains of can either be attributed to a decision he made or to his counsel's reasonable trial strategy. "[W]hen counsel's assumptions are reasonable given the totality of the circumstances and when counsel's strategy represents a reasonable choice based upon those assumptions, counsel need not investigate lines of defense that he has chosen not to employ at trial." *Strickland*, 466 U.S. at 681; *see also State v. Newman*, 326 N.W.2d 788, 795 (Iowa 1982) ("When counsel makes a reasonable decision concerning strategy, however, we will not interfere simply because it did not achieve the desired result."). We affirm the ruling of the postconviction court.

**AFFIRMED.**