# IN THE COURT OF APPEALS OF IOWA

No. 14-0377
Filed January 14, 2015

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KACEY JO HICKLIN,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Tama County, Ian K. Thornhill, Judge.

     Kacey Hicklin appeals claiming there is insufficient evidence to support the jury's guilty verdicts. **AFFIRMED.**

     Bethany J. Currie of Peglow, O'Hare & See, P.L.C., Marshalltown, for appellant.

     Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Brent D. Herren, County Attorney, and Niki Whitacre, Assistant County Attorney, for appellee.

     Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Kacey Hicklin appeals the jury verdicts finding her guilty of burglary in the third degree and theft in the third degree. Hicklin claims there is insufficient evidence to support the verdicts. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a).

Crystal Whitebreast was employed as a medical assistant at the Meskwaki Tribal Health Clinic in Tama County on June 5, 2013, when her wallet was stolen from the front seat of her vehicle. Whitebreast remembers locking her vehicle after arriving at work that morning. During the lunch period, Whitebreast and her co-workers attended a required meeting. Hicklin, a nurse and supervisor, was the only employee who did not attend the meeting. Hicklin stayed behind to watch the floor and deal with patients.

Based on security camera footage, at 12:09 Hicklin went into Whitebreast's office for approximately twenty-five seconds. She returned to her own office for a few minutes, and then exited her office with Whitebreast's keys in her right hand. Whitebreast's keys were attached to a distinctive fob featuring leather straps and a moccasin. The key fob is identifiable in the security camera footage. Hicklin exited the northwest door of the clinic, which leads to the staff parking lot. Approximately two minutes later, Hicklin re-entered the clinic, returned to the nursing station, and promptly went back into Whitebreast's office. She subsequently exited Whitebreast's office and returned to her office.

At the end of the workday, Whitebreast discovered her wallet was missing. She informed the police who investigated the incident and, after reviewing the

security camera footage, arrested Hicklin. Hicklin was charged by trial information with one count of burglary of a vehicle in the third degree, first offense, and one count of theft in the third degree, enhanced because of two prior theft convictions. A jury found Hicklin guilty on both counts.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009). We are to determine whether the evidence could convince a rational trier of fact that the defendant is guilty of the crime beyond a reasonable doubt. *Id.* In doing so, we view the evidence in the light most favorable to the State. *Id.*

Hicklin claims the State cannot prove beyond a reasonable doubt she stole the wallet from Whitebreast's car since no one actually saw her steal the wallet. The State admits this case is one predicated on circumstantial evidence, but notes circumstantial evidence and direct evidence are equally probative for proving guilt beyond a reasonable doubt. *See State v. Bentley*, 757 N.W.2d 257, 262 (Iowa 2008). Based on our review, we find a reasonable jury could have found beyond a reasonable doubt Hicklin went into Whitebreast's office to remove the car keys, which are placed there each day, at a time no others were around. She exited the northwest door of the clinic building, which opens to the employee parking lot. Once there, she removed the wallet from Whitebreast's car, she re-entered the building two minutes later, and she returned the keys to Whitebreast's desk.

> While other conflicting scenarios can be postulated, a court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the

record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution'"

*Id.* at 263 (citing *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)).

A guilty verdict supporting burglary in the third degree and theft in the third degree is supported by substantial evidence in the record. The jury's verdict is affirmed.

**AFFIRMED.**