**IN THE COURT OF APPEALS OF IOWA**

No. 14-0786
Filed June 10, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**EDDIE LEE WILLIAMS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Nancy S. Tabor,

Judge.


        Eddie Lee Williams appeals his conviction for the offense of criminal

mischief.  **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney

General, Michael J. Walton, County Attorney, and Will R. Ripley, Assistant

County Attorney, for appellee.



        Considered by Danilson, C.J., and Potterfield and Bower, JJ.  Tabor, J.,

takes no part.

**BOWER, J.**

Eddie Lee Williams appeals his conviction for the crime of criminal mischief in the second degree, as a habitual offender, in violation of Iowa Code sections 716.1, 716.4, and 902.8 (2013). Williams claims there was insufficient evidence to prove beyond a reasonable doubt he was guilty of criminal mischief. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a) and (b).

On November 2, 2013, Hillary Hengl had an altercation with her on-again off-again boyfriend, Eddie Williams. Hengl testified Williams left her house around 11:30 p.m., ostensibly to help his sister with her car. However, Williams did not return until 5:30 a.m. and was extremely intoxicated. Hengl told Williams to "get away from my house" and presented him with a "bag of his stuff . . . and told him to leave." Williams left the house without incident.

Later in the morning, Hengl went to work leaving her two children at home. Hengl did not have access to her cell phone while at work. In the early afternoon, Williams sent Hengl's son a text message stating he and Hengl were back together. Shortly thereafter, Williams went to Hengl's house and sat with the children while they played video games. After work, Hengl called the children to tell them to be ready to run errands when she got home. When Hengl learned Williams was at the house, she told the children to be ready at the front door. She also called Williams and told him to leave. Williams had sent Hengl a text message earlier in the afternoon stating: "I'm at the house. I pray you don't get mad at me. I'll leave if you want me to. We don't have to go out." Hengl

collected the children and left without speaking to Williams. Hengl's son testified he thought he locked the front door as he left with his mother. He also noted Williams was standing near the back doorway, but he did not see William's leave the residence.

Hengl dropped her son off at a friend's apartment, which was located near Williams's apartment. Hengl then ran errands with her daughter and a coworker. While Hengl's son was at his friend's apartment he saw Williams, who was walking away from him toward a parking lot. The son testified it was odd that when he called out to Williams, he did not respond and instead began walking away faster. A few hours later, Hengl picked up her son and stopped to get dinner before heading home. Upon arrival, Hengl and her children discovered her house had been ransacked and many of their possessions were covered in bleach, including clothes hanging in the closet and a box containing important documents. She noticed a shoe belonging to Williams on the bedroom floor. Nothing was stolen or missing. She called Williams, who did not answer. She then called the Davenport police, and Officer Niesen was sent to the scene. Based on the statements from Hengl, her son, and the physical evidence, Williams was arrested for criminal mischief in the second degree and burglary in the third degree.

A week later, Hengl called the Davenport police, asked them to drop the charges against Williams, and falsely stated his mother had paid for the damages. She made the call at Williams's request. On January 23, 2014, Hengl sent a notarized letter to the Davenport police, again stating she did not want to

proceed with the case and asking for the charges to be dropped. In relevant part, she stated: "I believe we both know our wrongdoings in this matter and I realize neither of us had any business doing the things we have done to each other." Hengl drafted the letter in William's presence.

On December 23, 2013, Williams was charged with criminal mischief in the second degree, in violation of Iowa Code sections 716.1 and 716.4 (Count I), and burglary in the third degree, in violation of sections 713.1 and 713.6A (Count II). The trial information was subsequently amended to add a habitual offender enhancement to both counts. A jury trial was held on March 17, and the jury found Williams guilty of criminal mischief in the second degree and not guilty of burglary in the third degree. On May 7, Williams was sentenced to an indeterminate term of fifteen years. Williams appeals from the judgment and sentence.

We review challenges to the sufficiency of the evidence for correction of errors at law. *State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009). We are to determine whether the evidence could convince a rational trier of fact that the defendant is guilty of the crime beyond a reasonable doubt. *Id.* In doing so, we view the evidence in the light most favorable to the State. *Id.*

The State has the burden of proving "every fact necessary to constitute the crime with which the defendant is charged, and the evidence presented must raise a fair inference of guilt and do more than create speculation, suspicion, or conjecture." *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). "Because it is difficult to prove intent by direct evidence, proof of intent usually consists of

circumstantial evidence and the inferences that can be drawn from that evidence." *State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996).

Based on our review of the evidence, we find the State proved beyond a reasonable doubt Williams caused the damage to Hengl's possessions in excess of $1000. A guilty verdict supporting criminal mischief in the second degree, as a habitual offender, is supported by substantial evidence.

**AFFIRMED.**