# IN THE COURT OF APPEALS OF IOWA

No. 15-0194
Filed February 10, 2016

**KIM DAVID ARCHER,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.

_____

Appeal from the Iowa District Court for Clinton County, Mark R. Lawson, Judge.

Kim Archer appeals the district court's denial of his second application for postconviction relief. **AFFIRMED.**

Les M. Blair III of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Darrel L. Mullins, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

Kim Archer appeals the district court's denial of his second application for postconviction relief (PCR). Archer claims counsel for his first PCR trial was ineffective for his failure to obtain or present certain pieces of evidence. We affirm on appeal.

In 2008, Archer was charged with one count of second-degree sexual abuse and one count of third-degree sexual abuse. A jury found Archer guilty on both counts, and he was sentenced. Archer filed his first application for PCR in 2009. In 2012, this application was denied by the district court, and this denial was affirmed on appeal.[1] Archer filed his second application for PCR in 2013. After a hearing, the district court denied this application. Archer now appeals.

On appeal, Archer claims his PCR counsel was ineffective for failing to present the victim's diary, which supposedly contained a recantation of the victim's earlier testimony; for failing to present the victim at the first PCR proceeding to testify regarding new allegations of dishonesty in her trial testimony; and for failing to present evidence of the victim's criminal record.[2]

Claims of ineffective assistance of counsel are reviewed de novo, *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012), as these claims have their "basis in the Sixth Amendment to the United States Constitution." *State v. Canal*,

---

[1] *Archer v. State*, No. 12-0995, 2013 WL 4769344, at *6 (Iowa Ct. App. Sept. 5, 2013).
[2] Archer has also raised issues on appeal pro se and has not provided any citation for these issues. A party's failure in a brief to cite authority in support of an issue may be deemed a waiver of that issue. Iowa R. App. P. 6.903(2)(g)(3) (stating the argument section shall include "[a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record . . . [and f]ailure to cite authority in support of an issue may be deemed waiver of that issue"). Therefore, we find these issues waived.

773 N.W.2d 528, 530 (Iowa 2009). An ineffective-assistance-of-counsel claim requires Archer show his PCR counsel breached an essential duty and prejudice resulted. *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

Upon our de novo review, we find Archer has failed to show his first PCR counsel breached an essential duty concerning any of the issues on appeal. *Id.* at 142 (noting "the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney"). We affirm the district court's denial of Archer's second application for PCR without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**