# IN THE COURT OF APPEALS OF IOWA

No. 18-1946
Filed January 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ERWIN KING,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling,

Judge.

Erwin King appeals his conviction for second-degree theft.  **REVERSED**

**AND REMANDED.**


Lauren M. Phelps, Hudson, Florida, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


Considered by Bower, C.J., and May and Greer, JJ.

**MAY, Judge.**

Erwin King appeals from his conviction of second-degree theft. King brings six claims. We address two and remand for new trial.

We first address King's challenge to the sufficiency of the evidence. He contends the district court erred in denying his motion for judgment of acquittal. We review challenges to the sufficiency of the evidence for corrections of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

> In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed "in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." "[W]e will uphold a verdict if substantial record evidence supports it." We will consider all the evidence presented, not just the inculpatory evidence. Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt. "Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury [is] free to reject certain evidence, and credit other evidence."

*Id.* (citations omitted).

"Where, as here, the jury was instructed without objection, the jury instruction becomes law of the case for the purposes of reviewing the sufficiency of the evidence."[1] *State v. Banes*, 910 N.W.2d 634, 639 (Iowa Ct. App. 2018) (citing *State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009) ("[Defendant] did not object to the instructions given to the jury at trial. Therefore, the jury instructions

---

[1] King did not object to instruction twelve, the theft marshalling instruction. He did object to a portion of instruction thirteen providing, "knowledge can . . . be inferred from a defendant's unexplained possession of an item or items that were recently stolen."

become the law of the case for purposes of our review of the record for sufficiency of the evidence.")). The jury was instructed:

> Under Count 1 the State must prove all of the following elements of Theft:
> 1. On or about the 11th day of June, 2017, the defendant exercised control over stolen property.
> 2. The defendant knew such property was stolen[.]
> 3. The defendant did not intend to promptly return the stolen property to the owner or to deliver it to an appropriate public officer.

King's sole complaint is that he was incapable of forming specific intent because of various mental disabilities. However, he does not clarify which of the three elements of theft could not be satisfied because of his alleged disability. And our supreme court has made clear that theft by control "does not require proof of specific intent." *State v. McVey*, 376 N.W.2d 585, 586 (Iowa 1985); *see also State v. Smith*, No. 05-2072, 2006 WL 3018132, at *6 (Iowa Ct. App. Oct. 25, 2006), *vacated on other grounds* 739 N.W.2d 289 (Iowa 2007). Nor does element two, the requirement that King knew the property was stolen. *See State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996) (stating the requirement that a defendant act "knowingly" does not implicate specific intent).

We acknowledge element three requires evidence King did not intend to promptly return the stolen property. But there was evidence to satisfy this element. King was accused of stealing Cricket Wireless phones. Shortly after the phones were stolen, King pawned them. From this, a jury could rightly infer King did not intend to promptly return them. *Cf. State v. Walker*, 574 N.W.2d 280, 289 (Iowa 1998) (noting intent "may be shown by circumstantial evidence and the reasonable inferences drawn from that evidence"). The district court correctly denied King's motion for judgment of acquittal.

King also alleges the district court failed to obtain a proper waiver of the right to counsel. The State agrees, as do we.

A defendant's waiver of counsel must be voluntary, knowing, and intelligent. *Faretta v. California*, 422 U.S. 806, 835 (1975); *State v. Stephenson*, 608 N.W.2d 778, 782 (Iowa 2000). "The Supreme Court has imposed 'rigorous restrictions on the information that must be conveyed to a defendant, and the procedures that must be observed, before permitting a waiver of the right to counsel at trial.'" *State v. Cooley*, 608 N.W.2d 9, 14–15 (Iowa 2000) (citation omitted). "A searching or formal inquiry is among the procedures required before an accused's waiver of counsel may be accepted." *Id.* at 15. The "trial court has an absolute duty" to complete this inquiry on the record. *Stephenson*, 608 N.W.2d at 782.

Here, the State properly concedes it cannot produce a record that the required inquiry was made. *See id.* ("[T]he burden of proving a valid waiver lies with the State."); *Cooley*, 608 N.W.2d at 14 (requiring the State to offer evidence of an adequate colloquy). So the State properly concedes King's conviction must be reversed. We agree. We reverse and remand for new trial. In light of this disposition, we need not address King's other claims.

**REVERSED AND REMANDED.**