# IN THE COURT OF APPEALS OF IOWA

No. 22-0103
Filed May 24, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL DEAN ROBERSON JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Henry W. Latham II, Judge.


        Michael Roberson Jr. appeals his convictions for second-degree kidnapping while armed with a dangerous weapon and domestic abuse, third or subsequent offense, with an habitual offender status.  **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**


        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.


        Considered by Bower, C.J., Vaitheswaran, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DANILSON, Senior Judge.**

Michael Roberson Jr. appeals his convictions for second-degree kidnapping while armed with a dangerous weapon and domestic abuse assault, third or subsequent offense, with an habitual offender status. He challenges the sufficiency of the evidence to support these convictions. We affirm in part, vacate in part, and remand to the district court for dismissal of the domestic abuse assault charge.

## I.    *Background Facts and Proceedings*

From the evidence presented at trial, the jury could have found the following: Michael Roberson Jr. and M.I. were involved in a relationship with a history of domestic violence precipitating the instant alleged kidnapping offense. By early 2021, Roberson had assaulted and caused injuries to M.I. on at least several occasions.

On June 1 of that year, Roberson and M.I. were "out doinking around town" in downtown Davenport. Roberson was driving, and M.I. sat in the passenger seat. At some point, Roberson stopped to visit with an acquaintance for approximately ten minutes. Upon reentering the vehicle, Roberson became "upset" and "agitated," accusing M.I. of performing oral sex on someone else during his ten-minute absence from the vehicle. M.I. told Roberson the accusation was "ridiculous," and she "tried to calm him down" with no success.

Instead of heading home as planned, Roberson drove past their apartment and "kept going" toward the outskirts of town. M.I. was "scared." She asked Roberson "to pull over and let [her] out and he said no." M.I. threatened to kick and scream if he did not let her out, to no avail. Roberson grabbed M.I.'s seatbelt

with his right hand to keep her "from getting out of the car," while he used his left hand to steer and hold a knife to "intimidate" her. M.I. "didn't want to get beat up," and she "just wanted to get away."

Eventually, Roberson turned down a dead-end country road, a fifteen-minute drive past their apartment. When he stopped the car to turn around, M.I. "opened up the door and jumped out." M.I. ran down the road to a farmhouse[1]; she was "frightened," "crying," and "pounding on the door" "yelling that she had been stabbed." The homeowners let M.I. in and called 911. M.I. was not wearing shoes, and she "had blood on her leg [from a stab wound] and blood on her toes" from a bite mark. Officers and medics arrived, and M.I. reported "she was assaulted" by Roberson.

The State filed a trial information charging Roberson with second-degree kidnapping while armed with a dangerous weapon, assault while participating in a kidnapping, attempted burglary, and five counts of domestic abuse assault, third or subsequent offense. The case proceeded to trial. The jury found Roberson guilty on the second-degree kidnapping count and three of the domestic abuse assault counts,[2] and not guilty on the remaining charges. Roberson appeals two of his convictions.

---

[1] As M.I. ran away, Roberson "turned around and left."

[2] Specifically, Roberson was found guilty on count 1 (second-degree kidnapping on June 1, 2021), count 3 (domestic abuse assault against M.I. on June 1, 2021), count 6 (domestic abuse assault against M.I. on May 7, 2021), and count 8 (domestic abuse assault against M.I. on January 24, 2021).

## II.    Standard of Review

We review the sufficiency of the evidence for correction of errors at law. *See State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021).  "Under this standard, the court is highly deferential to the jury's verdict.  We will affirm the jury's verdict when the verdict is supported by substantial evidence."  *Id.*  Evidence is substantial if it may convince a rational person of the defendant's guilt beyond a reasonable doubt.  *Id.*  In making this determination, we view the evidence and all reasonable inferences that can be drawn from it in the light most favorable to the State.  *Id.* The question is whether the evidence supports the finding the jury made, not whether it would support a different finding.  *Id.*

## III.    Sufficiency of the Evidence

Roberson challenges the sufficiency of the evidence supporting his convictions for second-degree kidnapping while armed with a dangerous weapon and domestic abuse assault, third or subsequent offense, with an habitual offender status.  With regard to Roberson's domestic abuse conviction, which stems from an alleged assault on May 7, 2021, the State concedes "the evidence is insufficient to support conviction for any assault on [that count]."[3]  Accordingly, we vacate Roberson's conviction for domestic abuse assault on May 7, 2021, and we remand to the district court for dismissal of that charge with prejudice.

With regard to second-degree kidnapping, the jury was instructed the State had to prove the following elements:

> 1. On or about the 1st day of June, 2021, the defendant removed or confined [M.I].

---

[3] This offense was charged under count 6 in the trial information.

      2. The defendant did so with the specific intent to inflict serious injury upon [M.I.] or to secretly confine [M.I].
      3. The defendant knew he did not have the consent of [M.I.] to do so.
      4. The defendant was armed with a dangerous weapon at the time he removed or confined [M.I].

*See* Iowa Code §§ 710.1 (defining kidnapping), 710.3(1) ("Kidnapping . . . where the kidnapper is armed with a dangerous weapon . . . is kidnapping in the second degree."), 902.7 (setting forth the dangerous-weapon sentencing enhancement).

On appeal, Roberson challenges the first element—that he removed or confined M.I. According to Roberson, "there was no showing" in this case that "any confinement or removal" of M.I. substantially increased the risk of harm to M.I., significantly lessened the risk of detection, or significantly facilitated his escape, as required by Iowa case law. *See State v. Albright*, 925 N.W.2d 144, 152–53 (Iowa 2019) (citing *State v. Rich*, 305 N.W.2d 739, 745–46 (Iowa 1981)), *abrogated on other grounds by State v. Crawford*, 972 N.W.2d 189, 194 (Iowa 2022). In other words, Roberson contends there was insufficient evidence to prove his confinement of M.I. "exceeded that which was incidental to the underlying offense." *See Rich*, 305 N.W.2d at 742, 745; *accord State v. Mead*, 318 N.W.2d 440, 442, 445 (Iowa 1982).

The jury was not fully instructed on the definition of confinement. The jury was instructed, "an intent to secretly confine means more than restricting the movement of [M.I.] It means an intent to conceal or hide [M.I.] or prevent her discovery." But this instruction did not contain or require the jury to find the *Rich* "intensifiers" necessary to prove the confinement or removal element of kidnapping. *See* 305 N.W.2d at 745-46. Roberson failed to object to the

confinement instruction without the intensifiers or otherwise request such an instruction, so the jury instruction is the law of the case. *See State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009); *accord State v. Denson*, No. 22-0139, 2023 WL 2906242, at *2 (Iowa Ct. App. Apr. 12, 2023).

However, applying the *Rich* triparte test to the facts and circumstances of this case,[4] we conclude the jury was presented with evidence that Roberson's conduct substantially increased M.I.'s risk of harm and significantly lessened his risk of detection. *See State v. Holderness*, 301 N.W.2d 733, 740 (Iowa 1981) ("[W]e are convinced that the confinement and removal here was such that it could not be considered merely incidental to the offense of sexual abuse. The victim was transported by automobile a distance several miles, from Davenport out into the countryside. This demonstrates the movement was calculated to detain her in isolation and secret, and was not only a means to facilitate the commission of sexual acts. Moreover, the asportation from the city to the country removed the victim to a more isolated area, thus decreasing the likelihood of any passersby coming upon the scene. The distance over which she was transported, along with the length of the detention (approximately two hours) further bolster our conclusion that the confinement and removal substantially increased the risk of harm to this victim."); *see also State v. Hardin*, 359 N.W.2d 185, 187, 190 (Iowa 1984) (affirming kidnapping conviction where, after the victim drove the defendant home from a bar, the defendant "hit the victim in the face, dragged her out of the vehicle, and forced her inside where he raped her"); *State v. Newman*, 326

---

[4] "The failure of the instructions to further elucidate what that term means does not prevent us from applying the correct law." *See Crawford*, 974 N.W.2d at 521.

N.W.2d 796, 801–02 (Iowa 1982) (concluding there was sufficient evidence of confinement when a student walking home from a friend's house was enticed into the defendant's truck, sexually assaulted, and then driven to a road where there were no houses).

Similarly, Roberson's travel in the vehicle from downtown Davenport, past the turn to their apartment, and to a dead-end road near the countryside, on a dark night, provided the means to commit domestic assault in isolation and significantly lessened the risk of detection. Roberson's actions also detained M.I. contrary to her demands. He refused to stop the vehicle and physically prevented M.I. from exiting the vehicle by holding onto M.I.'s seatbelt until he stopped due to the dead-end road. Approximately two miles before M.I. was able to escape, Roberson put his knife in his hand. During M.I.'s effort to escape, Roberson stabbed her and bit her foot. The confinement in the vehicle and removal from beyond the center of the city substantially increased the risk of harm to M.I.

Considering the totality of the facts in the light most favorable to jury's verdict, we find substantial evidence to support the second-degree kidnapping conviction.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**