# IN THE COURT OF APPEALS OF IOWA

No. 22-2029
Filed April 10, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CAIMERE DUPREE GATES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.

        A defendant appeals his conviction for murder in the first degree.

**AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Katherine Wenman, Assistant Attorney

General, for appellee.

        Considered by Schumacher, P.J., Ahlers, J., and Danilson, S.J. *

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2024).

**SCHUMACHER, Presiding Judge.**

Caimere Gates appeals his conviction for murder in the first degree. He challenges the sufficiency of the evidence to support his conviction. Specifically, he argues the State failed to present sufficient evidence to show he acted with malice aforethought.

## I. Background Facts and Prior Proceedings

In this appeal, we are asked to determine whether sufficient evidence supports Gates's first-degree murder conviction. A jury convicted Gates after a trial that lasted thirteen days in May 2022. The conviction results from the shooting death of Joshua Gabriel by fifteen-year-old Gates over the sale of marijuana in the fall of 2020. From the evidence presented at trial, a reasonable jury could find the facts below.

On September 17, 2020, Gates and his fourteen-year-old codefendant arranged to meet Gabriel in the parking lot of an apartment complex in Des Moines to buy marijuana.[1] The arrangement was made via Snapchat. Gabriel and his girlfriend, who was driving the vehicle, arrived at the designated location sometime around midnight. As his girlfriend parked the car, she observed two individuals approach from a nearby wooded area. One of the individuals, whom she later identified as Gates, got into the backseat of the vehicle, while Gates's codefendant stood outside.

When Gates and Gabriel were negotiating a price for the marijuana, Gates took out a gun, pointed it at Gabriel's girlfriend, and then at Gabriel. Gates

---

[1] Although Gates and his codefendant were tried together, the codefendant's convictions are not a part of this appeal.

demanded Gabriel and his girlfriend hand over "everything they had." Gates's codefendant then opened the car door where Gabriel was sitting, grabbed Gabriel's phone, and threw it under the car. The codefendant punched Gabriel in the face, and Gabriel stepped out of the car. A scuffle ensued between Gabriel and Gates's codefendant. Gabriel fell to the ground, and Gates, standing over the back door, fired two shots. One bullet hit the car door, and the other bullet pierced Gabriel's chest, causing his death.

After the shooting, Gates and his codefendant fled. By examining Gabriel's phone, officers determined that Gates was the individual whom Gabriel had planned to meet. Both Gates and his codefendant were arrested later the next day. Gates was charged with first-degree murder and first-degree robbery. A jury found Gates guilty on both counts. He was sentenced to life in prison on the murder charge and twenty-five years on the robbery charge. The terms were run concurrently. Because Gates was fifteen years old at the time of the crime, the court considered the *Lyle* factors and imposed a fifteen-year minimum sentence on the murder charge.[2] Gates appeals.[3]

---

[2] Those factors are: (1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change. *State v. Lyle*, 854 N.W.2d at 378, 404 n.10 (Iowa 2014) (quoting *Miller v. Alabama*, 567 U.S. 460, 477–78 (2012)). "Our courts have sometimes called these the *Miller/Lyle/Roby* factors." *State v. Williams*, No. 18-2081, 2021 WL 593992, at *9 n.11 (Iowa Ct. App. Feb. 3, 2021); *accord State v. Majors*, 940 N.W.2d 372, 383–84 (Iowa 2020); *State v. Roby*, 897 N.W.2d 127, 135 (Iowa 2017).

[3] Gates does not challenge his robbery conviction.

## II. Standard of Review

We review the sufficiency of the evidence for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). "When evaluating the sufficiency of the evidence, we consider 'whether, taken in the light most favorable to the State, the finding of guilt is supported by substantial evidence in the record.'" *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022) (quoting *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018)). Substantial evidence is evidence that would convince a rational trier of fact of the defendant's guilt beyond a reasonable doubt. *Id.* But substantial evidence must raise more than just "suspicion, speculation, or conjecture." *State v. Leckington*, 713 N.W.2d 218, 221 (Iowa 2006).

## III. Sufficiency of the Evidence

Gates argues the state failed to present sufficient evidence to show he acted with the malice aforethought necessary to sustain his conviction for first-degree murder. Malice was defined in the jury instructions as follows:

> [A] state of mind which leads one to intentionally do a wrongful act to the injury of another or in disregard of the rights of another out of actual hatred, or with an evil or unlawful purpose. It may be established by evidence of actual hatred, or by proof of a deliberate or fixed intent to do injury. It may be found from the acts and conduct of the defendant, and the means used in doing the wrongful and injurious act. Malice requires only such deliberation that would make a person appreciate and understand the nature of the act and its consequences, as distinguished from an act done in the heat of passion.

Gates asserts that because a "sudden physical altercation" preceded the shooting, he did not act with malice aforethought. He argues there was no evidence of "hatred" or of "evil intent."

Malice aforethought is the state of mind necessary for a conviction of murder, and it may be shown expressly or impliedly by the conduct of the defendant. *State v. Smith*, 242 N.W.2d 320, 326 (Iowa 1976). "Malice is not limited in its meaning to hatred, ill will or malevolence, but rather pertains to a wicked and corrupt disregard for the lives and safety of others." *State v. Myers*, 79 N.W.2d 382, 390 (Iowa 1956). "However, it is often impossible for a jury to determine a defendant's state of mind without the aid of inference." *State v. Green*, 896 N.W.2d 770, 780 (Iowa 2017). Consequently, it has been established in Iowa that the use of a deadly weapon supports an inference of malice. *State v. Reeves*, 636 N.W.2d 22, 25 (Iowa 2001).

Consistent with the above, Jury Instruction No. 32 presented in Gates's trial read: "Malice aforethought maybe [sic] inferred from the defendant's use of a dangerous weapon." Gates did not object to this instruction, and when a defendant fails to object, "the jury instructions become the law of the case for purposes of our review of the record for sufficiency of the evidence." *State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009).

It is undisputed that Gates brought a gun to his meeting with Gabriel and that Gates used the gun to rob Gabriel and shoot him. Gates points to the evidence that after the shooting he told his mother that there was a fight, everything happened so fast, and he did not mean it. But the jury had the opportunity to hear all this evidence, and in our review for sufficiency of the evidence "we are highly deferential to the jury's verdict." *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). Further, "[i]nherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury was free to reject certain evidence,

and credit other evidence." *State v. Nitcher*, 720 N.W.2d 547, 556 (Iowa 2006) (quoting *State v. Anderson*, 517 N.W.2d 208, 211 (Iowa 1994)). And "we view the evidence in the light most favorable to the State." *Id.*

Gates came to his meeting with Gabriel armed with a gun. Gates pointed that gun at Gabriel to rob him. And Gates shot Gabriel after Gabriel was on the ground. As the use of a deadly weapon implies malice, as set forth in the jury instructions, substantial evidence was presented for a reasonable trier of fact to find Gates acted with malice aforethought. *See id.* Accordingly, we affirm.

**AFFIRMED.**