# IN THE COURT OF APPEALS OF IOWA

No. 22-1422
Filed January 24, 2024

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DYLAN ANTHONY McCOMBS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert B. Hanson (sentencing) and Scott D. Rosenberg (jury trials and guilty plea), Judges.

        The defendant appeals his convictions and sentences for first-degree theft, first-degree criminal mischief, willful injury causing bodily injury, assault while displaying a dangerous weapon, extortion, and first-degree harassment. **AFFIRMED.**

        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

        Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Greer, P.J., and Ahlers and Buller, JJ.

**GREER, Presiding Judge.**

In this case, Dylan McCombs urges us to consider his appellate arguments related to four cases: two jury trials resulting in guilty verdicts, a guilty plea, and convictions after a bench trial; he also challenges the combined sentencing that followed his convictions in the four cases.[1]  As for his conviction for willful injury causing bodily injury, McCombs challenges the sufficiency of the evidence, contending that the State failed to prove specific intent and failed to disprove his justification defense.  Regarding his convictions for first-degree theft and first-degree criminal mischief, McCombs claims error by the trial court when it ordered him to wear leg shackles during his jury trial.  McCombs argues that the district court abused its discretion in sentencing him to consecutive terms of imprisonment.  Following our review of each issue McCombs raised, we affirm.

**I. Background Facts and Prior Proceedings.**

**FECR356133.**  McCombs was charged via trial information with first-degree theft in violation of Iowa Code sections 714.1(4) and .2(1) (2021), a class "C" felony, and first-degree criminal mischief in violation of Iowa Code sections 716.1 and .3(1)(a), a class "C" felony, in March 2022.  At the jury trial in June 2022, McCombs's attorney told the district court, "My client has made some statement on the phone to parties I don't know of but that were deemed threatening in nature and that he has, currently, some form of shock device to his leg."  He added that

---

[1] These cases are FECR356133 (jury found McCombs guilty of first-degree theft and first-degree criminal mischief), FECR352169 (jury found McCombs guilty of willful injury causing bodily injury), AGCR349516 (McCombs pled guilty to assault while displaying a dangerous weapon), and FECR359608 (district court found McCombs guilty of extortion and first-degree harassment).

his "client has indicated that he does not consent to having that device on his leg, that he would like me to request that court order that be removed. I would state that it is not able to be seen by the jury." Regarding leg shackles, McCombs's counsel confirmed that "the parties are in agreement with removing those before the jury comes in." McCombs stated on his own behalf, "This thing hurts as it's on my leg. I'm scared for my life right now. I feel like they're going to zap me. . . . I just want this thing off my leg." He added that it was "too tight. . . . It's itching and it's scaring the shit out of me." After the district court asked if McCombs would agree to just wear shackles on his legs, McCombs said that he would agree to that. Trial was held with McCombs wearing leg shackles. The jury found McCombs guilty as charged.

**FECR352169.** In another case, McCombs was charged with willful injury while displaying a dangerous weapon in violation of Iowa Code sections 708.4(1) and 907.2, a class "C" felony, in October 2021. Prior to trial, McCombs filed a notice of self-defense. The case came to trial in May 2022, and the complaining witness, L.D, testified. He stated that he and McCombs interacted occasionally at a boat ramp and on one occasion, L.D. tried to help McCombs get his vehicle unstuck. When police officers showed up, McCombs disappeared, and the police impounded the vehicle. McCombs's cell phone and wallet were inside the vehicle, and L.D. believed that the police officers took the cell phone and wallet with the vehicle.

About a week later, L.D. saw McCombs at the boat ramp again at night. After walking past L.D., McCombs went to his vehicle and retrieved a wooden baseball bat. McCombs asked L.D. where his items were, and L.D. answered that

the police had them. L.D. claimed that at that point, McCombs threatened to take his truck and that he may have lunged at McCombs first; L.D. admitted to ripping McCombs's shirt. However, L.D. did not have any weapons on him. L.D. described the first hit with the baseball bat from McCombs to his lower right rib cage as "like a shock went through my body. It was like—you know, a release. . . . Hard enough to shatter my spleen." The second hit was from behind and to the side of L.D.'s head after he had turned away from McCombs. He also claimed that he had bruises on his left side, underneath his arm, and on his leg just below the knee, mentioning that he was unsure if the bruising on his left side was from the baseball bat or because he had fallen down. L.D. spent two days in the hospital in the intensive care unit recovering.

The State offered and the district court admitted ten photographs of L.D.'s injuries taken eleven days after the alleged assault, which showed a scab and missing hair on the back of his head and bruising on his leg. The State also offered and the district court admitted a recording of a phone call by McCombs from jail. In that phone call, McCombs said that on the day of depositions L.D. "showed up. I'm fucking smoked on that charge." He also claimed that he "only hit the fucker once."

McCombs also testified. He said that after he and L.D. started yelling at each other, McCombs noticed a baseball bat on the ground by the truck and that the baseball bat was L.D.'s. He claimed that L.D. "jumped on me, and we started tussling. I ended with a black eye, my lip got broken." McCombs also admitted that he "swung one time" with the bat and hit L.D. "in the back of the head." Throughout this time, according to McCombs, L.D. was hitting him with his fists

"[i]n the face, in the stomach. Anywhere he could pretty much get ahold of me." When asked about the baseball bat, McCombs described it as "a little, tiny wooden bat that [L.D.] kept with him at all times." McCombs also testified that he only hit L.D. on the head and that he did so intending to get L.D. off of him. McCombs claimed that while L.D. attacked him first, after he picked up the baseball bat L.D. "made the—made the decision to attack me, knowing that I had that in my hand." Yet, McCombs admitted that he started the argument that day. The jury found McCombs guilty of the lesser-included charge of willful injury causing bodily injury in violation of Iowa Code section 708.4(1), a class "D" felony.

**AGCR349516 and FECR359608.** In the remaining two cases, McCombs pled guilty to assault while displaying a dangerous weapon in violation of Iowa Code section 708.1(3), an aggravated misdemeanor, in July 2022.[2] And following a bench trial, the district court found McCombs guilty of two counts of extortion in violation of Iowa Code section 711.4(1)(a), class "D" felonies, and two counts of first-degree harassment in violation of Iowa Code section 708.7(2), aggravated misdemeanors, in August 2022.

**ALL FOUR CASES.** With determinations of guilt in these four cases, the district court proceeded to sentencing in August 2022. At the sentencing hearing, the State asked for the sentences to run consecutively to each other; McCombs

---

[2] This guilty plea was in a consolidation of multiple cases: FECR359888 (stalking in violation of a protective order and two counts of witness tampering), AGCR350974 (assault with intent to inflict serious injury), and AGCR349516 (two counts of assault while displaying a dangerous weapons). At sentencing, the district court dismissed FECR359888 and AGCR350974 along with the second count in AGCR349516. In AGCR350974, the district court sentenced McCombs to thirty-five days of incarceration for five violations of the underlying no-contact order.

asked for them to run concurrently. After considering McCombs's age, his prior record of convictions, and the nature of the offenses committed, the district court sentenced McCombs to ten years on the convictions for first-degree theft and first-degree criminal mischief, five years on the convictions for willful injury causing bodily injury and extortion, and two years on the convictions for assault while displaying a dangerous weapon and harassment. The district court ordered these sentences to run consecutively for a total term of incarceration not to exceed forty-one years.[3] In doing so, the district court stated that it was ordering "them consecutive because of the separate and serious nature of these offenses and because of the obvious safety concerns with respect to the public from you." McCombs appeals.

## II. Standard of Review.

We review the sufficiency of the evidence supporting convictions for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We affirm when the verdict is supported by substantial evidence, meaning "the quantum and quality of evidence is sufficient to 'convince a rational fact finder that the defendant is guilty beyond a reasonable doubt.'" *State v. Banes*, 910 N.W.2d 634, 637 (Iowa Ct. App. 2018) (citation omitted). In conducting our review, we consider the evidence in the light most favorable to the verdict, including all reasonable inferences that may be fairly drawn from the evidence. *Id.*

---

[3] These sentences were also to run consecutive to sentences totaling four years in three other cases—ACGR348292 (eluding), SRCR348776 (assault causing bodily injury and second-degree harassment), and AGCR354864 (interference with official acts inflicting injury, three counts of assault on persons in a certain occupation, and second-degree harassment)—for a total term of incarceration not to exceed forty-five years.

We reverse a sentence only if the sentencing court abused its discretion or there was some defect in the sentencing procedure. *State v. Damme*, 944 N.W.2d 98, 103 (Iowa 2020). An abuse of discretion occurs when "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018) (citation omitted). When the sentencing court abuses its discretion, the defendant is entitled to a new sentencing hearing. *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022).

**III. Analysis.**

McCombs raises three challenges to his convictions and sentences: (1) the district court erred by ordering him to wear leg shackles during his trial in front of the jury for first-degree theft and first-degree criminal mischief, (2) the State failed to prove specific intent and failed to disprove his justification defense for the charge of willful injury causing bodily injury, and (3) the district court abused its discretion in sentencing him to consecutive terms on the four cases.

**A. Leg Shackles.**

Now on appeal, McCombs asserts that the district court's order requiring him to wear leg shackles in front of the jury prejudiced him during his jury trial. The State responds that McCombs only challenged the use of the shock device and agreed to wear the leg shackles and, thus, error is not preserved for our review. We agree with the State that McCombs acquiesced in wearing the leg shackles and did not lodge any objection at trial. Therefore, error is not preserved for our review. *See McCracken v. Edward D. Jones & Co.*, 445 N.W.2d 375, 378 (Iowa Ct. App. 1989) ("[I]t is elementary a litigant cannot complain of error which he has invited or to which he has assented."); *Patchette v. State*, 374 N.W.2d 397, 401

(Iowa 1985) ("We cannot consider an issue for the first time on appeal, even if it is of constitutional dimension.").  We do not address McCombs's claim regarding the leg shackles.

### B.  Specific Intent and Justification.

Challenging the sufficiency of the evidence supporting his specific intent and lack of justification for the willful-injury-causing-bodily-injury conviction, McCombs argues that the element of specific intent was negated by his need to protect himself in self-defense.  He claims that the credible evidence supports that his specific purpose was to defend himself against L.D.'s attack.

We start with the jury instructions that were submitted without objection and became "the law of the case for purposes of appellate review for sufficiency-of-evidence claims."  *State v. Schiebout*, 944 N.W.2d 666, 671 (Iowa 2020); *see also State v. Canal*, 773 N.W.2d 528, 530 (Iowa 2009) (explaining that when a defendant does not "object to the instructions given to the jury at trial . . . , the jury instructions become the law of the case for purposes of our review of the record for sufficiency of the evidence").  The jury instructions here provided that to prove specific intent, the State had to demonstrate that McCombs was not only aware of doing the act and doing it voluntarily, but he also did it with a specific purpose in mind.  *See also State v. Guerrero Cordero*, 861 N.W.2d 253, 259 (Iowa 2015), *abrogated on other grounds by Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699 (Iowa 2016).

Because McCombs raised justification as a defense, the State was required to also prove McCombs acted without justification.  *See* Iowa Code § 704.3 ("A person is justified in the use of reasonable force when the person reasonably

believes that such force is necessary to defend oneself or another from any actual or imminent use of unlawful force."); *see also State v. Lawler*, 571 N.W.2d 486, 489 (Iowa 1997). The jury instructions here provided that to prove that McCombs acted without justification, the State had to show (1) McCombs started or continued the incident, (2) an alternative course of action was available to McCombs, (3) McCombs did not believe he was in imminent danger of death or injury and the use of force was not necessary to save him, (4) McCombs did not have reasonable grounds for the belief, or (5) the force used by McCombs was unreasonable. *See also State v. Ellison*, 985 N.W.2d 473, 478 (Iowa 2023); *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993).

In reaching its verdict, the jury is "free to reject certain evidence, and credit other evidence." *Sanford*, 814 N.W2d at 615 (citation omitted). Although here McCombs testified, the jury "was free to discount that testimony based on its inconsistency with other evidence and [McCombs's] interest in the trial." *State v. Jenkins*, No. 21-1718, 2023 WL 4759448, at *6 (Iowa Ct. App. July 26, 2023). The jury considered both testimony from McCombs about the incident, and L.D.'s detailed description of what happened. Most of McCombs's argument emphasizes his own testimony and his assertion it is more credible than L.D.'s version. On the facts presented at trial, a jury could have felt otherwise. Here, the jury heard that the police inventory of the impounded vehicle listed a wallet that McCombs admitted was his[4] and other witnesses' testimony that McCombs told L.D. he was going to take L.D.'s vehicle before the fight began. On top of that, a jury could

---

[4] McCombs also testified he had a second wallet in the vehicle that had money in it and was the one taken.

have found McCombs's claims that L.D. just happened to have a baseball bat on the ground next to his truck that McCombs grabbed to protect himself dubious, thereby giving the jury a reason to conclude the rest of McCombs's testimony lacked credibility. Evidence was presented on the question of McCombs's specific intent, where the jury could have found that McCombs intended to hit L.D., did so voluntarily, and had the specific purpose of causing harm to L.D. based on the severity of the injury—shown in the pictures—or his admission—in the recorded jail call—that he "hit the fucker once."

It is also apparent from the evidence that the jury could have found a lack of justification either because it believed that McCombs started the incident by initiating the argument about his cell phone and wallet or because it found that McCombs used an amount of force that was unreasonable. *See State v. Wilson*, 941 N.W.2d 579, 591 (Iowa 2020) (finding substantial evidence to prove lack of justification where defendant started the confrontation); *Jenkins*, 2023 WL 4759448, at *7 ("[S]ubstantial evidence shows that Jenkins 'escalated the level of force beyond what was reasonable under the circumstances.'" (citation omitted)). Although L.D. admitted he "may have lunged at [McCombs] first," he explained to the jury it was to move between McCombs and L.D.'s truck when McCombs said, "I'm going to take your truck." And even so, there is no dispute that McCombs responded to an unarmed person by retrieving and using a wooden baseball bat, and that escalation offers substantial evidence that McCombs was not justified. *See State v. Bowers*, No. 18-1827, 2020 WL 1310290, at *2 (Iowa Ct. App. Mar. 18, 2020) (pointing to the use of lethal force without any indication of danger as bringing "a knife to a fistfight" and negating a defense of justification (citation

omitted)). The jury also could have considered that the wound on L.D.'s head was on the back, which McCombs admitted to in trial, and that that location meant that L.D. was facing away from McCombs when McCombs struck him with the bat. In either instance, we find substantial evidence supports the verdict.

### C. Consecutive Sentences.

Finally, McCombs challenges the sentences imposed, asserting that the district court abused its discretion in ordering that his sentences run consecutively to each other for a total term of imprisonment not to exceed forty-one years rather than concurrently for a term of ten years. He claims that a ten-year sentence would account for the most serious conviction of first-degree theft.

The sentencing court must state on the record its reasons for selecting a particular sentence. Iowa R. Crim. P. 22(3)(d). The court's reasons need only be sufficiently detailed to allow us to review the sentencing court's exercise of its discretion. *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015). An abuse of the district court's discretion will be found only if its decision rests on clearly untenable or unreasonable grounds. *See Willard v. State*, 893 N.W.2d 52, 58 (Iowa 2017). A ground or reason is untenable if it is based on an erroneous application of law. *See id.* "[M]ere disagreement with the sentence imposed, without more, is insufficient to establish an abuse of discretion." *State v. Pena*, No. 15-0988, 2016 WL 1133807, at *1 (Iowa Ct. App. Mar. 23, 2016).

On the record here, the district court stated that it considered "the serious nature of the instant offenses where property offenses were committed and where protection orders were put in place after physical harm was inflicted . . . on multiple victims." It also factored in the requirement for "two things. One is to protect the

public from [McCombs]. The other one is to give [McCombs] the maximum opportunity for . . . rehabilitation." McCombs's challenge amounts to nothing more than a disagreement with the sentences imposed, and he has not pointed to any untenable or unreasonable grounds. *See State v. McDole*, No. 22-1397, 2023 WL 3092108, at *1 (Iowa Ct. App. Apr. 26, 2023) (finding no abuse of discretion in imposing consecutive sentences based on "the separate and serious nature of the offenses and the protection of the community" even given mitigating factors); *State v. Church,* No. 21-0913, 2022 WL 1100927, at *2–3, *2 n.2 (Iowa Ct. App. Apr. 13, 2022) (same). Therefore, we find that the district court did neither erred nor abused its discretion in requiring that McCombs's sentences run consecutively.

**IV. Conclusion.**

We conclude that McCombs failed to preserve error on his challenge to wearing leg shackles at trial because he agreed to wear them and did not object after agreeing, substantial evidence supports that McCombs acted with specific intent and without justification in the form of the location of the injury to L.D. and McCombs's escalation of the interaction with the baseball bat, and the district court did not err or abuse its discretion in imposing consecutive sentences when it considered the separate and serious nature of the offenses and the need to protect the community. Therefore, we affirm the convictions and sentences.

**AFFIRMED.**